# NO. 12-19-00163-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JESSIE JAMES LIGGINS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

---

*MEMORANDUM OPINION*
*PER CURIAM*

Jessie James Liggins appeals his conviction for continuous sexual abuse of a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with continuous sexual abuse of a child. Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

According to the evidence presented at trial, in July 2018, C.J. was at home with his siblings and Appellant, his step-father, in Arp, Texas. One afternoon C.J. entered his parents' bedroom and saw Appellant lying on the edge of the bed next to L.J., C.J.'s thirteen-year-old sister. C.J. stated that when he entered the room, Appellant quickly moved away from L.J., who was lying face down on the bed and whose shorts were pulled down around her legs. C.J. observed that Appellant's pants were pulled down and his erect penis was protruding through the opening on the front of his boxer briefs. C.J. further stated that he observed "red marks going into [L.J.'s] butt cheeks." When his mother returned home, C.J. related to her what he had observed, and when she confronted Appellant about it,

he responded, "I just touched her . . . on her butt." Subsequently, L.J. told her mother that Appellant had had sexual intercourse with her. Additionally, L.J. testified at trial that from the time she was age ten or eleven until she was thirteen, Appellant, on at least thirteen occasions, rubbed or penetrated her vagina with his finger. She further testified that Appellant caused her hand to contact his penis on one occasion during this time period.

Following the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged, and the matter proceeded to a trial on punishment. Ultimately, the jury assessed Appellant's punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we *grant* Appellant's counsel's motion for leave to withdraw and *affirm* the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.

2

him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered March 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2020**

**NO. 12-19-00163-CR**

**JESSIE JAMES LIGGINS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1132-18)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*